IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DEANTE GHOLSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-005 |
| | ) | |
| ANDREW MCFARLANE, Warden, and | ) | |
| TONJA KEITH, Deputy Warden of Care | ) | |
| and Treatment, | ) | |
| | ) | |
| Defendants.[1] | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  SCREENING THE COMPLAINT

   A.  BACKGROUND

In his complaint, Plaintiff names as Defendants: (1) Warden Andrew McFarlane, and (2) Deputy Warden of Care and Treatment Tonja Keith. (Doc. no. 1, pp. 1, 15-16.) Taking all

---

[1] The Court **DIRECTS** the **CLERK** to update Defendants' titles on the docket in accordance with the above caption, which is consistent with Plaintiff's complaint. (Doc. no. 1, pp. 15-16.)

of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On February 20, 2024, Plaintiff was transferred to Telfair State Prison and placed in the segregated housing unit. (Id. at 16.) While confined, Plaintiff has been continuously "subjected to consume" contaminated water. (Id.) The contaminated water runs out of Plaintiff's shower and sink, and Plaintiff's food and laundry also use this water. (Id. at 16, 18.) The water appears discolored, ranging from a "dark brown, light brown, cloudy white powdery color, [and] reddish copper like color." (Id. at 16.) The water also sometimes has an odor. (Id.) Plaintiff has also seen a "black and green liquid spurt out of the sink faucet," which is "some type of gunk ink-like substance." (Id.) Furthermore, Plaintiff has observed "dirt and black particles" in the cups he uses to drink. (Id.)

As a result of his exposure to the water, Plaintiff has experienced various injuries: the skin around his fingers has been eaten away, his throat burns, his skin itches, his eyes are irritated, and his stomach "hurt[s] really bad for days." (Id.) Plaintiff has sought medical attention for his injuries, but some of the harmful side effects continue. (Id. at 16-17.) Plaintiff knows about other prisoners who have gotten sick from the water, which has even caused some prisoners to throw up and urinate blood. (Id. at 18.) Moreover, Plaintiff "has also tried to reduce his own intake of water, which is causing him dehydration and more trouble." (Id.)

Plaintiff filed complaints and grievances about the water. (Id. at 17.) He also personally informed Defendants Warden McFarlane and Deputy Warden Keith verbally and in writing that drinking contaminated water can cause long-term side effects, and to request something be done to fix the issue. (Id. at 17, 18.) Plaintiff also showed Defendants a piece of towel he had been using to filter the water, which had turned brown. (Id. at 17, 18; see also

2

id. at 29.)  However, Defendants denied Plaintiff help.  (Id. at 17.)  Rather, Defendants told Plaintiff they would have to shut down the prison to fix the water, which they could not do, and instead would pass out water to prisoners "every now and then."  (Id. at 17.)  However, Defendants only passed out water on about three occasions.  (Id.)  Plaintiff also specifically told Defendant McFarlane about the potential long-term side effects of exposure to contaminated water, and Defendant McFarlane responded that he "understand[s] and know[s] drinking contaminated water" can cause long-term problems, but that he needed "time to work on it."  (Id. at 18.)  Plaintiff "tried to give Defendants time," but still nothing has been done.  (Id.)

Plaintiff also informed Allison Ganem, an attorney at the Southern Center for Human Rights, about the contaminated water and showed her the contaminated towel.  (Id. at 17; see also id. at 31-32.)  Ms. Ganem sent an email to the Georgia Department of Corrections about the water issues.  (Id. at 17.)  Despite these efforts, "nothing was done."  (Id. at 17.)

According to Plaintiff, "upon information and belief," the contaminated water is a result of unlined pipes in the prison water tower tank.  (Id. at 18.)  Although the tank has a reverse osmosis filtering system, "the pipes are not lined to prevent leaching and sediment."  (Id.)

For relief, Plaintiff seeks a declaration that Defendants violated his constitutional rights, for Telfair State Prison to be shut down to correct the issue, and to be immediately removed Telfair State Prison.  (Id. at 19.)  He also seeks compensatory, punitive, and nominal damages.  (Id. at 19-20.)

B.  **DISCUSSION**

1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails

3

to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However,

4

this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Official Capacity Monetary Claims

Plaintiff sues Defendants in both their individual and official capacities. (Doc. no. 1, pp. 15-16.) However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against Defendants for monetary relief fail as a matter of law.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** all official capacity claims for monetary damages against Defendants be **DISMISSED**. By separate Order, the Court directs service of process on Defendants based upon Plaintiff's allegations regarding the conditions of his confinement.

SO REPORTED and RECOMMENDED this 27th day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA